IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MONICA JOY CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00043-MDH |
| | ) |
| LELAND DUDEK, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Monica Joy Carey's appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of her application for supplemental income benefits under Titles XVI of the Social Security Act. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the record, the Court finds that the administrative law judge's (ALJ) decision is affirmed.

## BACKGROUND

Plaintiff filed her application for supplemental security income on August 2, 2021 (Tr. 14). Plaintiff was born on January 12, 1971 and alleged that she became disabled beginning August 31, 2019, due to fibromyalgia, obesity, depressive disorder, anxiety disorder, essential tremors, and sleep apnea (Tr. 14, 28, 39-40).

The ALJ found that Plaintiff had the following severe impairments: fibromyalgia; obesity; depressive disorder and anxiety disorder (Tr. 16). However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1 (Tr. 19-21). The ALJ determined that Plaintiff retained the

residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with exceptions. The RFC states:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except for the following: The claimant can never climb ladders ropes or scaffolds. The claimant can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Reaching overhead is limited to frequent with the bilateral upper extremities. Fingering is limited to frequent with the bilateral hands. The claimant would need to avoid concentrated exposure to extreme temperatures and vibration. The claimant can understand, remember, and carry out simple instructions. The claimant can use judgment to make simple work-related decisions. The claimant can have frequent interactions with supervisors and occasional interaction with coworkers and the public. The claimant can deal with changes in a routine work setting that are discussed and introduced gradually.

(Tr. 21). The ALJ found that Plaintiff is capable of performing past relevant work as an office helper. (Tr. 28). Relying on vocational expert testimony, the ALJ concluded that Plaintiff's impairments would not preclude her from performing other work that exists in significant numbers in the economy. (Tr. 28-29). Consequently, the ALJ found Plaintiff not disabled. (Tr. 30).

**STANDARD**

The Court's role in reviewing an ALJ's decision is to determine whether the "findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042-43 (8th Cir. 2007), *citing Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir.1999). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Id.* "The fact that some evidence may support a conclusion opposite from that reached by the Commissioner does not alone permit our reversal of the Commissioner's decision." *Id., citing Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir.2004); *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). If the record contains substantial evidence to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record that would have supported a contrary outcome. *Krogmeier v.*

*Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). In other words, the Court cannot reverse simply because it would have decided the case differently. *Id., citing Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). Further, the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

## DISCUSSION

Plaintiff argues three points on appeal. First, Plaintiff argues the ALJ's RFC as to Plaintiff's mental functional limitations is unsupported by substantial evidence. Second, Plaintiff argues that the ALJ's physical RFC is legally flawed. Lastly, Plaintiff contends the ALJ's RFC is otherwise unsupported by substantial evidence. The Court will take each argument in turn.

### I.     The ALJ's RFC as to Plaintiff's Mental Functional Limitations

Plaintiff argues that Dr. Sullivan, a state agency psychological consultant, found that Plaintiff was moderately limited in her ability to carry out detailed instructions. The ALJ found Dr. Sullivan persuasive however, Plaintiff argues the ALJ did not explain why he did not include any limitation on the ability to carry out detailed instructions in the RFC and thus constitutes reversible error. Defendant concedes there is a discrepancy between the ALJ's RFC when compared to a persuasive prior administrative finding by Dr. Sullivan, however the ALJ found Plaintiff could work an R1 job with Dr. Sullivan's identified limitations and thus renders the discrepancy harmless.

SSR 96-8p requires the ALJ to explain how any material inconsistences or ambiguities in the evidence were considered and resolved. SSR 96-8p. If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *Id*. Here, Dr. Sullivan opined that Plaintiff was moderately limited to carry out detailed instructions. (Tr. 100). While

3

the RFC does not explicitly state that Plaintiff is moderately limited to carry out detailed instructions it does reflect that Plaintiff "can understand, remember, and carry out simple instructions." (Tr. 21). While the moderate limitation is not explicitly present, it is implicitly present within the RFC as to Plaintiff's ability.

Defendant concedes that contrary to the ALJ's determination, Plaintiff cannot perform her step-4 past relevant work as an Office Helper or meet the demands of the step-5 jobs Checker and Routing Clerk. (Tr. 28-29). However, the ALJ still found Plaintiff could work as a Cleaner which fit the parameters of Plaintiff's moderate limitation. Even with this error, the VE's testimony constitutes substantial evidence to support the ALJ's findings that Plaintiff could perform other work found in the national economy. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014); *Grindley v. Kijakazi*, 9 F.4th 622, 629 (8th Cir. 2021) ("even if we had concluded that the ALJ made some factual misstatements in his decision, we hold alternatively these errors would be harmless because [Plaintiff] still fails to meet the criteria to be considered disabled."); *York v. Colvin*, No. 2017 WL 35698, at *4 (E.D. Mo. January 4, 2017) ("[A]ny error in considering those jobs past relevant work was harmless. Because the record showed and the ALJ found that Plaintiff was capable of performing other jobs in the national economy, the ALJ properly determined that Plaintiff was not disabled."). The Court finds that there was substantial evidence to conclude the RFC is sufficient concerning Plaintiff's mental limitations. For the reasons stated, the ALJ's determination is affirmed.

## II. The ALJ's Physical RFC

Plaintiff argues that the ALJ failed to assess the RFC on a function-by-function bases and erroneously assessed the exertional level first contrary to SSR 96-8p. Specifically Plaintiff argues that it is impossible to determine how the ALJ assessed Plaintiff's actual ability to sit, walk, and

4

Case 4:24-cv-00043-MDH    Document 18    Filed 03/03/25    Page 4 of 7

stand. Defendant argues that substantial evidence supports Plaintiff's ability to do some light work and the ALJ made a function-by-function determination.

The "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" and "[o]nly after that may RFC be expressed" by exertional level of work. SSR 96-8p; *see also* 20 C.F.R. § 404.1545(b). Sitting, walking, and standing are all listed in the regulations as physical work-related abilities. *Id*. "[A]n ALJ who specifically addresses the areas in which he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter." *Brown v. Astrue*, No. 4:09-CV-274-DJS, 2010 WL 889835, at *25 (E.D. Mo. Mar. 8, 2010); *see Depover v. Barhnart*, 349 F.3d 563, 567-68 (8th Cir. 2003).

Here, the ALJ limited Plaintiff to light work. (Tr. 21). The ALJ noted he was relying on the definition of "light work" as contained in 20 C.F.R. § 416.967(b), which provides as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b). The ALJ noted Plaintiff's claims of being unable to sit or stand for long periods of time. (Tr. 23). However, The ALJ cited various doctor exams that showed Plaintiff as having a full range of motion and denying back pain, muscle cramps, numbness, tingling or pain. (Tr. 23-24). The Court finds that the ALJ implicitly found no limitation with regards to Plaintiff's walking, standing, and sitting and thus the ALJ's physical RFC is found to have been produced with substantial evidence. For the reasons stated, the ALJ's determination is affirmed.

5

**III.     The ALJ's RFC and Substantial Evidence**

Plaintiff argues several points stating that the ALJ's RFC was not supported by substantial evidence. Plaintiff contends: (1) the ALJ grossly overstated Plaintiff's abilities citing Plaintiff taking of her mother and baby; (2) the ALJ erred as Plaintiff's limited activities, performed with assistance from others are not inconsistent with disability; (3) the ALJ erred when finding Plaintiff's engagement of some minimal activities of daily living, performed with assistance at her own pace, is inconsistent with her allegations of disability; and (4) the ALJ failed to consider the variability of mental impairments specifically regarding Dr. Glass's psychological evaluation of Plaintiff. Defendant argues that the ALJ accurately summarized Plaintiff's activities, including caretaking and appropriately considered her activities along with examinations, treatment records, opinions, and testimony when finding the evidence as a whole conflicted with Plaintiff's allegedly disabling symptoms while supporting an ability to do some light, unskilled work.

Credibility determinations are the province of the ALJ, and as long as "good reasons and substantial evidence" support the ALJ's evaluation of credibility, the court will defer to the ALJ's decision. *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (quoting *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). An ALJ may decline to credit a claimant's subjective complaints "if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

There is substantial evidence to support the ALJ's RFC. The ALJ considered Plaintiff's testimony regarding her role as caretaker to her mother and her grandniece. (Tr. 23, 204). There was substantial evidence to find the ALJ properly weighed Plaintiff's ability given her caretaker responsibility. The ALJ also considered Plaintiff's other ability to do daily activities as part of the RFC. (Tr. 25). The record reflects Plaintiff living by herself, making meals, traveling to the grocery

store, driving by herself, and managing her finances. (TR. 45-49). The Court finds there was substantial evidence to find the ALJ properly weighted Plaintiff's activities for the purposes of the disability determination. Regarding Dr. Glass's opinion, the ALJ found it was not persuasive and specifically noted it was not fully consistent with his examination and were based primarily on Plaintiff's reports. (Tr. 26-27). The ALJ in formulating his opinions regarding Plaintiff's disability determination considered examination findings, objective testing, consultative examinations good responses to medications. (Tr. 21-28). Having reviewed the record the Court finds that the ALJ's RFC was formulated by substantial evidence. For the reasons stated, the ALJ's RFC is affirmed.

## CONCLUSION

For the reasons set forth herein, the ALJ's final determination is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: March 3, 2025

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**